IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:09-1020-CMC |
| v. | **OPINION and ORDER** |
| Matthew Allen Crook, | |
| Defendant. | |

This matter is before the court on Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255. The Government has responded in opposition, moving for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Defendant was advised of the procedures and necessity to respond to the Government's dispositive motion. Defendant has not responded to the Government's motion.

Even if *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), were a "new fact" under § 2255(f)(4) that was somehow applicable to Defendant's previous convictions,[1] the Fourth Circuit has held that the relief in *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010), as applied in *Simmons*, is not retroactively available in motions for relief under § 2255. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).

Accordingly, the court **grants** the Government's motion for summary judgment and Defendant's motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[1] Defendant's prior state court convictions were State of South Carolina convictions. The *Simmons* decision applies narrowly to the structured sentencing regime in North Carolina in place at the time Simmons was sentenced for his North Carolina convictions.

1

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 26, 2012